**CT Corporation**

**Service of Process Transmittal**
12/21/2021
CT Log Number 540778894

| | |
|---|---|
| **TO:** | Melissa Gravlin<br>Fca US LLC<br>1000 CHRYSLER DR OFC OF<br>AUBURN HILLS, MI 48326-2766 |
| **RE:** | **Process Served in California** |
| **FOR:** | FCA US LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Esmeralda Ramirez and Gustavo Ortiz Hernandez aka Gustavo Ortiz // To: FCA US LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Demand, Notice, Instructions, First Amended General Order, Stipulation(s), Attachment(s), Order, Information, Cover Sheet, Addendum and Statement |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # 21STCV45978 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2020 Jeep Compass, VIN: 3C4NJCBB2LT249006 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2021 at 01:36 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Roger Kirnos<br>Knight Law Group, LLP<br>10250 Constellation Blvd., Suite 2500<br>Los Angeles, CA 90067<br>(310) 552-2250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/22/2021, Expected Purge Date: 12/27/2021<br><br>Image SOP<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

 CT Corporation

**Service of Process Transmittal**
12/21/2021
CT Log Number 540778894

**TO:**   Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

**RE:**   **Process Served in California**

**FOR:**   FCA US LLC  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Dec 21, 2021

**Server Name:**             Jim Sands

| Entity Served | FCA US LLC |
|---|---|
| Case Number | 21STCV45978 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 10:40 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

21STCV45978

# ‡ 127601

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FCA US LLC, a Delaware Limited Liability Company, and DOES 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka
GUSTAVO ORTIZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV45978 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Knight Law Group LLP
10250 Constellation Blvd, Suite 2500, Los Angeles, CA 90067
(310) 552-2250

DATE:
*(Fecha)* 12/16/2021    Sherri R. Carter Executive Officer / Clerk of Court    Clerk, by    Y. Tarasyuk    , Deputy
                                                           *(Secretario)*                                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FCA US LLC, a Delaware Limited Liability Company

    under: ☒ CCP 416.10 (corporation)                ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 10:40 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
21STCV45978

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

1  KNIGHT LAW GROUP, LLP
2  Roger Kirnos (SBN 283163)
   rogerk@knightlaw.com
3  Maite C. Colon (SBN 322284)
   maitec@knightlaw.com
4  10250 Constellation Blvd., Suite 2500
5  Los Angeles, CA 90067
   Telephone: (310) 552-2250
6  Fax: (310) 552-7973

7  Attorneys for Plaintiffs,
8  ESMERALDA RAMIREZ
   and GUSTAVO ORTIZ HERNANDEZ
   aka GUSTAVO ORTIZ

9

## SUPERIOR COURT OF CALIFORNIA

10

## COUNTY OF LOS ANGELES

11

| | |
|---|---|
| 12  **ESMERALDA RAMIREZ** **and GUSTAVO ORTIZ HERNANDEZ** 13  **aka GUSTAVO ORTIZ,** 14          Plaintiffs, 15      vs. 16  **FCA US LLC, a Delaware Limited Liability** **Company, and DOES 1 through 10, inclusive,** 17 18          Defendants. 19 20 21 22 23 24 25 | Case No.:  **21STCV45978** Unlimited  Jurisdiction **COMPLAINT** 1.  **VIOLATION OF SONG-BEVERLY** **ACT - BREACH OF EXPRESS** **WARRANTY** 2.  **VIOLATION OF SONG-BEVERLY** **ACT - BREACH OF IMPLIED** **WARRANTY** 3.  **VIOLATION OF THE SONG-** **BEVERLY ACT SECTION 1793.2** *Assigned for All Purposes to the* *Honorable* Department |

26

27

28

1       Plaintiffs, ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka

2 GUSTAVO ORTIZ, allege as follows against Defendants, FCA US LLC, a Delaware Limited

3 Liability Company, ("FCA US LLC"); and DOES 1 through 10 inclusive, on information and

4 belief, formed after an inquiry reasonable under the circumstances:

5 **DEMAND FOR JURY TRIAL**

6    1. Plaintiffs, ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka

7 GUSTAVO ORTIZ, hereby demand trial by jury in this action.

8 **GENERAL ALLEGATIONS**

9    2. Plaintiffs, ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka

10 GUSTAVO ORTIZ, are individuals residing in the City of El Monte, County of Los Angeles, and

11 State of California.

12    3. Defendant FCA US LLC is and was a Delaware Limited Liability Company registered to

13 do business in the State of California with its registered office in the City of Los Angeles, County

14 of Los Angeles, and State of California.

15    4. These causes of action arise out of the warranty obligations of FCA US LLC in connection

16 with a motor vehicle for which FCA US LLC issued a written warranty.

17    5. Plaintiffs do not know the true names and capacities, whether corporate, partnership,

18 associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive,

19 under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1

20 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions

21 set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this

22 Complaint to set forth the true names and capacities of the fictitiously named Defendant, together

23 with appropriate charging allegations, when ascertained.

24    6. All acts of corporate employees as alleged were authorized or ratified by an officer,

25 director, or managing agent of the corporate employer.

26    7. The warranty contract is attached and incorporated by its reference as Exhibit 1.

27    8. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

28 ///

-2-
RAMIREZ v. FCA US LLC COMPLAINT

9.   Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

10.   Plaintiffs are a "buyer" of consumer goods under the Act.

11.   Defendant FCA US LLC is a "manufacturer" and/or "distributor" under the Act.

12.   Plaintiffs hereby demand trial by jury in this action.

**FIRST CAUSE OF ACTION**

**Violation of the Song-Beverly Act – Breach of Express Warranty**

13.   Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

14.   On September 7, 2020, Plaintiffs entered into a warranty contract with FCA US LLC regarding a 2020 Jeep Compass, VIN: 3C4NJCBB2LT249006, ("the Subject Vehicle"). The terms of the owner's manual are described in full in Exhibit 1.

15.   Defects and nonconformities to warranty manifested themselves within the applicable express warranty period, including but not limited to engine.

16.   The nonconformities substantially impair the use, value and/or safety of the Subject Vehicle.

17.   Plaintiffs delivered the Subject Vehicle to an authorized FCA US LLC repair facility for repair of the nonconformities.

18.   Defendant was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts.

19.   Under the Song-Beverly Act, Defendant had an affirmative duty to promptly offer to repurchase or replace the Subject Vehicle at the time it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.

20.   Defendant failed to comply with its affirmative duty to promptly repurchase the Subject Vehicle upon its qualification as a lemon under the Song-Beverly Act. Only after Plaintiff's contact of Defendant's customer service, did Defendant make a belated offer. That belated offer was not made in compliance with the Song-Beverly Act for numerous reasons, including but not limited to

-3-

1   improper deductions such as deducting service contracts and included improper terms such as a
2   vehicle condition clause and a factory equipment clause. The belated offer also failed to include,
3   among other things, reimbursement for all incidental and consequential damages allowed under
4   the Song-Beverly Act.

5      21.  By failure of Defendant to conform the Subject Vehicle to the express warranty, or to
6   promptly issue restitution pursuant to the Song Beverly Act, Defendant is in violation of the Song
7   Beverly Act.

8      22.  Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle
9   less that amount directly attributable to use by the Plaintiffs prior to the first presentation to an
10  authorized repair facility for a nonconformity.

11     23.  Plaintiffs are entitled to all incidental, consequential, and general damages resulting from
12  Defendant's failure to comply with its obligations under the Song-Beverly Act.

13     24.  Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum
14  equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred
15  in connection with the commencement and prosecution of this action.

16     25.  Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two
17  times the amount of actual damages for FCA US LLC's willful failure to comply with its
18  responsibilities under the Act.

19     **SECOND CAUSE OF ACTION**

20     **Violation of the Song-Beverly Act – Breach of Implied Warranty**

21     26.  Plaintiffs incorporate herein by reference each and every allegation contained in the
22  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

23     27.  FCA US LLC and its authorized dealership at which Plaintiffs purchased the Subject
24  Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject
25  Vehicle.  The sale of the Subject Vehicle was accompanied by an implied warranty of fitness.

26     28.  The sale of the Subject Vehicle was accompanied by an implied warranty that the Subject
27  Vehicle was merchantable pursuant to Civil Code section 1792.

28     29.  The Subject Vehicle was delivered to Plaintiffs with latent defects, including, but not

-4-

RAMIREZ v. FCA US LLC COMPLAINT

1  limited to, engine.

2     30.  The Subject Vehicle was not fit for the ordinary purpose for which such goods are used.

3     31.  The Subject Vehicle did not measure up to the promises or facts stated on the container or
4  label.

5     32.  The Subject Vehicle was not of the same quality as those generally acceptable in the trade.

6  ///

7     33.  Plaintiffs justifiably revoked acceptance of the Subject Vehicle under Civil Code, section
8  1794, *et seq.* prior to the filing of this Complaint during a contact to FCA US LLC's customer
9  service.

10     34.  Plaintiffs hereby revoke acceptance of the Subject Vehicle.

11     35.  Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section
12  1794, *et seq.*

13     36.  Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et*
14  *seq.* and Commercial Code, section 2711.

15     37.  Plaintiffs are entitled to recover any "cover" damages under Commercial Code, sections
16  2711, 2712, and Civil Code, section 1794, *et seq.*

17     38.  Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794
18  *et seq.* and Commercial Code, sections 2711, 2712, and 2713 *et seq.*

19                 **THIRD CAUSE OF ACTION**

20            **Violation of the Song-Bervely Act Section 1793.2**

21     39. Plaintiffs incorporate herein by reference each and every allegation contained in the
22  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

23     40. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer
24  goods in California, for which it has made an express warranty, shall maintain service and repair
25  facilities or designate and authorize independent service and repair facilities to carry out the terms
26  of those warranties.

27     41. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods
28  is necessary because they do not conform with the applicable express warranties, service and repair

RAMIREZ v. FCA US LLC COMPLAINT

1  shall be commenced within a reasonable time by the manufacturer or its representative.

2  42. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or

3  repaired so as to conform to the applicable warranties within 30 days. The terms of the express

4  warranty are attached hereto as Exhibit 1.

5  43. The defects in the Subject Vehicle impaired the safety of the Subject Vehicle.

6  44. On at least one occasion, Plaintiffs delivered the Subject Vehicle to FCA US LLC's

7  authorized repair facility, MONROVIA CHRYSLER DODGE JEEP RAM, at which point

8  MONROVIA CHRYSLER DODGE JEEP RAM was not able to conform the Subject Vehicle to

9  the terms of the express warranty within thirty (30) days.

10  45.  Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil

11  Code, section 1794, *et seq.*

12  46.  Plaintiffs hereby revoke acceptance of the subject vehicle.

13  47.  Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section

14  1794, *et seq.*

15  48.  Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794,

16  *et seq.* and Commercial Code, section 2711.

17  49.  Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections

18  2711, 2712, and Civil Code, section 1794, *et seq.*

19  50.  Plaintiffs are entitled to recover all incidental and consequential damages pursuant to

20  1794 *et seq.,* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

21  51. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two

22  times the amount of actual damages in that FCA US LLC has willfully failed to comply with its

23  responsibilities under the Act.

24  **PRAYER FOR RELIEF**

25  WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

26  1.  For general, special and actual damages according to proof at trial;

27  2.  For rescission of the purchase contract and restitution of all monies expended;

28  3.  For diminution in value;

RAMIREZ v. FCA US LLC COMPLAINT

4. For incidental and consequential damages according to proof at trial;

5. For civil penalty in the amount of two times Plaintiffs' actual damages;

6. For prejudgment interest at the legal rate;

7. For revocation of acceptance of the Subject Vehicle;

8. For reasonable attorney's fees and costs of suit; and

9. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: _____12/16/2021_____                          **KNIGHT LAW GROUP, LLP**

ROGER KIRNOS (SBN 283163)
MAITE C. COLON (SBN 322284)
Attorneys for Plaintiffs,
ESMERALDA RAMIREZ
and GUSTAVO ORTIZ HERNANDEZ
aka GUSTAVO ORTIZ

Plaintiffs, ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka GUSTAVO ORTIZ, hereby demand trial by jury in this action.

# EXHIBIT 1



# 2020 COMPASS
## OWNER'S MANUAL



This Owner's Manual illustrates and describes the operation of features and equipment that are either standard or optional on this vehicle. This manual may also include a description of features and equipment that are no longer available or were not ordered on this vehicle. Please disregard any features and equipment described in this manual that are not on this vehicle. FCA US LLC reserves the right to make changes in design and specifications, and/or make additions to or improvements to its products without imposing any obligation upon itself to install them on products previously manufactured.

With respect to any vehicles sold in Canada, the name FCA US LLC shall be deemed to be deleted and the name FCA Canada Inc. used in substitution therefore.

If you are the first registered retail owner of your vehicle, you may obtain a complimentary printed copy of the Warranty Booklet by calling **1-877-426-5337** (U.S.) or **1-800-387-1143** (Canada) or by contacting your dealer.

This Owner's Manual is intended to familiarize you with the important features of your vehicle. Your most up-to-date Owner's Manual, Navigation/Uconnect manuals and Warranty Booklet can be found by visiting the website on the back cover.  U.S. residents can purchase replacement kits by visiting **www.techauthority.com** and Canadian residents can purchase replacement kits by calling **1-800-387-1143**.

⚠ **WARNING:** Operating, servicing and maintaining a passenger vehicle or off-highway motor vehicle can expose you to chemicals including engine exhaust, carbon monoxide, phthalates, and lead, which are known to the State of California to cause cancer and birth defects or other reproductive harm. To minimize exposure, avoid breathing exhaust, do not idle the engine except as necessary, service your vehicle in a well-ventilated area and wear gloves or wash your hands frequently when servicing your vehicle. For more information go to **www.P65Warnings.ca.gov/passenger-vehicle**.

# TABLE OF CONTENTS

| 1 | INTRODUCTION | 8 |
|---|---|---|
| 2 | GETTING TO KNOW YOUR VEHICLE | 11 |
| 3 | GETTING TO KNOW YOUR INSTRUMENT PANEL | 75 |
| 4 | SAFETY | 100 |
| 5 | STARTING AND OPERATING | 162 |
| 6 | IN CASE OF EMERGENCY | 227 |
| 7 | SERVICING AND MAINTENANCE | 267 |
| 8 | TECHNICAL SPECIFICATIONS | 310 |
| 9 | MULTIMEDIA | 316 |
| 10 | CUSTOMER ASSISTANCE | 401 |
| 11 | INDEX | 405 |

2

## INTRODUCTION

HOW TO USE THIS MANUAL ....................................9
    Essential Information .......................................... 9
    Symbols .............................................................. 9
ROLLOVER WARNING ..............................................9
WARNINGS AND CAUTIONS ...............................10
VEHICLE MODIFICATIONS/ALTERATIONS.........10

## GETTING TO KNOW YOUR VEHICLE

VEHICLE USER GUIDE — IF EQUIPPED ..............11
KEYS .......................................................................12
    Key Fobs ........................................................... 12
IGNITION SWITCH ..................................................16
    Keyless Enter-N-Go — Ignition................... 16
    Vehicle On Message ...................................... 17
REMOTE STARTING SYSTEM — IF EQUIPPED .....18
    How To Use Remote Start — If Equipped ... 18
    Remote Start Abort Message On The
    Instrument Cluster Display — If Equipped.. 18
    To Enter Remote Start Mode ...................... 19
    To Exit Remote Start Mode Without
    Driving The Vehicle ...................................... 19
    To Exit Remote Start Mode And Drive
    The Vehicle ..................................................... 19
    Remote Start Comfort Systems —
    If Equipped ...................................................... 19
    Remote Start Windshield Wiper De–Icer
    Activation — If Equipped .............................. 20
    General Information ...................................... 20

SENTRY KEY...........................................................20
    Replacement Keys ......................................... 21
    Key Programming .......................................... 21
    General Information ...................................... 21
VEHICLE SECURITY ALARM — IF EQUIPPED ....22
    To Arm The System ...................................... 22
    To Disarm The System ................................. 23
    Rearming Of The System.............................. 23
    Security System Manual Override .............. 23
DOORS.....................................................................23
    Manual Door Locks........................................ 23
    Power Door Locks.......................................... 24
    Keyless Enter-N-Go — Passive Entry........... 24
    Automatic Unlock Doors On Exit ............... 28
    Child-Protection Door Lock System —
    Rear Doors ..................................................... 28
DRIVER MEMORY SETTINGS — IF EQUIPPED ......28
    Programming The Memory Feature............ 29
    Linking And Unlinking The Remote Keyless
    Entry Key Fob To Memory ........................... 29
    Memory Position Recall................................ 30
SEATS ......................................................................30
    Manual Adjustment (Front Seats) —
    If Equipped ...................................................... 30
    Manual Adjustment (Rear Seats) .............. 32
    Power Adjustment (Front Seats) —
    If Equipped ...................................................... 33
    Front Heated Seats — If Equipped.............. 35
    Front Ventilated Seats — If Equipped........ 36

HEAD RESTRAINTS.................................................36
    Front Head Restraint Adjustment.............. 36
    Rear Head Restraints.................................... 37
STEERING WHEEL ..................................................38
    Tilt/Telescoping Steering Column .............. 38
    Heated Steering Wheel — If Equipped ...... 38
MIRRORS..................................................................39
    Inside Day/Night Mirror — If Equipped....... 39
    Electrochromic Mirror — If Equipped ........ 39
    Outside Mirrors ............................................ 40
    Power Adjustment Mirrors ......................... 40
    Folding Mirrors............................................... 40
    Heated Mirrors — If Equipped.................... 41
    Illuminated Vanity Mirrors.......................... 41
EXTERIOR LIGHTS...................................................42
    Multifunction Lever ...................................... 42
    Headlight Switch ........................................... 42
    Daytime Running Lights (DRL) —
    If Equipped ...................................................... 42
    High/Low Beam Switch ................................ 42
    Automatic High Beam Headlamp Control —
    If Equipped ...................................................... 42
    Flash-To-Pass................................................. 43
    Automatic Headlights — If Equipped ......... 43
    Headlight Time Delay ................................... 43
    Lights-On Reminder...................................... 43
    Fog Lights — If Equipped.............................. 44
    Turn Signals ................................................... 44
    Lane Change Assist ...................................... 44
    Battery Saver Feature .................................. 44

The driver's primary responsibility is the safe operation of the vehicle. Driving while distracted can result in loss of vehicle control, resulting in an accident and personal injury. FCA US LLC strongly recommends that the driver use extreme caution when using any device or feature that may take their attention off the road. Use of any electrical devices, such as cellular telephones, computers, portable radios, vehicle navigation or other devices, by the driver while the vehicle is moving is dangerous and could lead to a serious accident. Texting while driving is also dangerous and should never be done while the vehicle is moving. If you find yourself unable to devote your full attention to vehicle operation, pull off the road to a safe location and stop your vehicle. Some states or provinces prohibit the use of cellular telephones or texting while driving. It is always the driver's responsibility to comply with all local laws.

This Owner's Manual has been prepared to help you get acquainted with your new Jeep° brand vehicle and to provide a convenient reference source for common questions.

Not all features shown in this manual may apply to your vehicle. For additional information, visit **www.mopar.com** (U.S.), **www.mopar.ca** (Canada) or your local Jeep° brand dealer.

## DRIVING AND ALCOHOL ⸻

Drunk driving is one of the most frequent causes of accidents. Your driving ability can be seriously impaired with blood alcohol levels far below the legal minimum. If you are drinking, don't drive. Ride with a designated non-drinking driver, call a cab, a friend or use public transportation.

## WARNING! ⸻

Driving after drinking can lead to an accident. Your perceptions are less sharp, your reflexes are slower and your judgment is impaired when you have been drinking. Never drink and then drive.





Whether it's providing information about specific product features, taking a tour through your vehicle's heritage, knowing what steps to take following an accident or scheduling your next appointment, we know you'll find the app an important extension of your Jeep® brand vehicle.

Simply download the app, select your make and model and enjoy the ride. To get this app, go directly to the App Store® or Google Play® Store and enter the search keyword "JEEP" (U.S. residents only).

**U.S.**



mopar.com/om

DOWNLOAD A FREE ELECTRONIC COPY OF THE MOST UP-TO-DATE
OWNER'S MANUAL, UCONNECT AND WARRANTY BOOKLETS

**Canada**



owners.mopar.ca

20_MP_OM_EN_USC_N
Third Edition

© 2020 FCA US LLC. All Rights Reserved. Tous droits réservés.
Jeep is a registered trademark of FCA US LLC. Jeep est une marque déposée de FCA US LLC.

App Store is a registered trademark of Apple Inc. Google Play Store is a registered trademark of Google.

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 10:40 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

**KNIGHT LAW GROUP, LLP**
Roger Kirnos (SBN 283163)
rogerk@knightlaw.com
Maite C. Colon (SBN 322284)
matiec@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs,
ESMERALDA RAMIREZ
and GUSTAVO ORTIZ HERNANDEZ
aka GUSTAVO ORTIZ

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| **ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka GUSTAVO ORTIZ**<br><br>Plaintiffs,<br><br>vs.<br><br>**FCA US LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,**<br><br>Defendants. | Case No.: 21STCV45978<br><br>Unlimited Jurisdiction<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Assigned for All Purposes to the Honorable*<br><br>Department |

-1-

**DEMAND FOR JURY TRIAL**

1  <u>**DEMAND FOR JURY TRIAL**</u>

2  Plaintiffs, ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka GUSTAVO

3  ORTIZ, hereby demand trial by jury in this action.

4

5  Dated: 12/16/2021                          **KNIGHT LAW GROUP, LLP**

6

7

8                                             Roger Kirnos (SBN 283163)
                                              Maite C. Colon (SBN 322284)
9                                             Attorney for Plaintiffs,
                                              ESMERALDA RAMIREZ
10                                            and GUSTAVO ORTIZ HERNANDEZ
                                              aka GUSTAVO ORTIZ
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/16/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV45978 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | |

<br><br><br><br><br><br>

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 12/17/2021<br>(Date)

By Y. Tarasyuk _____, Deputy Clerk

LACIV 190 (Rev 6/18)<br>LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _Rizalinda Miss_ , Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
-- MANDATORY ELECTRONIC FILING   )
FOR CIVIL                         )
                                )
                                )
                                )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

     a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

     b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

     c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

     d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

    d) Documents in Related Cases

       Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

    a) The following documents shall not be filed electronically:

       i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

       ii) Bonds/Undertaking documents;

       iii) Trial and Evidentiary Hearing Exhibits

       iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

       v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b) Lodgments

       Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019 

KEVIN C. BRAZILE
Presiding Judge

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
              (INSERT DATE)                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)
Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)
Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE. | | CASE NUMBER. |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
     **STIPULATION – DISCOVERY RESOLUTION**
     Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____     ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____     ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____     ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                          JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                            )   ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation       )   EXTENDING TIME TO RESPOND BY
Stipulations                                )   30 DAYS WHEN PARTIES AGREE
                                            )   TO EARLY ORGANIZATIONAL
                                            )   MEETING STIPULATION
_____     )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_   _Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations
to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
  (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
  (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
should carefully review the Notice and other information they may receive about (ODR)
requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 10:40 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
21STCV45978

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Roger Kirnos (SBN 283163)/Maite C. Colon (SBN 322284)<br>Knight Law Group LLP<br>10250 Constellation Blvd., Suite 2500, Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 552-2250    FAX NO.: (310) 552-7973<br>ATTORNEY FOR *(Name):* ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka GUSTAVO ORTIZ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: ESMERALDA RAMIREZ and GUSTAVO ORTIZ HERNANDEZ aka GUSTAVO ORTIZ
v. FCA US LLC, a Delaware Limited Liability Company et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>21STCV45978<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/16/2021

Maite C. Colon
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: RAMIREZ, et al. v. FCA US LLC, et al. | CASE NUMBER 21STCV45978 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ___ ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location wherein one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: RAMIREZ, et al. v. FCA US LLC,  et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|

**Non-Personal Injury/ Property Damage/ Wrongful Death Tort**

| A | B | C |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |

**Employment**

| A | B | C |
|---|---|---|
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |

**Contract**

| A | B | C |
|---|---|---|
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☑ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |

**Real Property**

| A | B | C |
|---|---|---|
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |

**Unlawful Detainer**

| A | B | C |
|---|---|---|
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: RAMIREZ, et al. v. FCA US LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**  
**AND STATEMENT OF LOCATION**

Local Rule 2.0  
Page 3 of 4

| SHORT TITLE: RAMIREZ, et al. v. FCA US LLC,  et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1305 S. Mountain Ave. |
|---|---|
| CITY:<br>Monrovia | STATE:<br>CA | ZIP CODE:<br>91016 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 12/16/2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.